■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK CABLE and DENISE GODBEE, Appellants. — Upon remittitur from the Court of Appeals (63 NY2d 270), the orders of this court entered November 10, 1983 (96 AD2d 251) are vacated and the judgments, Supreme Court, New York County (Torres, J.), rendered November 19, 1981, which convicted defendants of murder in the second degree (felony murder), manslaughter in the second degree, robbery in the first and second degrees, and burglary in the second degree and sentenced defendant Cable thereupon to concurrent indeterminate terms of 20 years to life imprisonment, 7½ to 15 years, 10 to 20 years, 7½ to 15 years and 7½ to 15 years, respectively, and defendant Godbee to concurrent indeterminate terms of 15 years to life imprisonment on the murder conviction, 5 to 15 years on the robbery in the first degree conviction, and 4 to 12 years on each of the remaining convictions, unanimously modified, on the law, to reverse that part of the judgment convicting defendant Godbee of the crimes of murder in the second degree and manslaughter in the second degree, and to vacate said convictions with leave to resubmit the facts upon which the manslaughter in the second degree conviction was based to the Grand Jury, and the matter remanded for a new trial as to defendant Godbee on the murder in the second degree (felony murder) count upon which she was

previously convicted and, except as thus modified, affirmed. The judgment with respect to Cable is hereby unanimously affirmed.

After review of the facts upon remittitur from the Court of Appeals (CPL 470.25 [2] [d]; 470.40 [2] [b]), we affirm the convictions of both defendants except for Godbee's felony murder conviction as to which reversible error was committed by Trial Term's refusal to charge the affirmative defense provided in Penal Law § 125.25 (3) and her manslaughter in the second degree (reckless manslaughter) conviction, submitted as a lesser included offense of another charge of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference to human life]). As to the latter, reversal is mandated and a new trial required in accordance with the Court of Appeals decision (*supra*, p 283) since "acceptance of the affirmative defense to felony murder would have required an acquittal of reckless manslaughter". The felony murder charge against Godbee is accordingly remanded for a new trial. Inasmuch, however, as the jury acquitted Godbee of depraved indifference murder there is no pending charge to support a remand of reckless manslaughter, its lesser included offense. Accordingly, the reversal and vacatur of the manslaughter in the second degree conviction is with leave to resubmit the facts underlying said conviction to the Grand Jury. Concur — Sullivan, J. P., Ross, Carro, Asch and Kassal, JJ.